GEE, Circuit Judge:
 

 The creditor in this Chapter 11 bankruptcy proceeding failed to file his objection to dischargeability within the time limitation set by Rule 4007(c) of the Bankruptcy Rules of Procedure; likewise, the clerk’s office failed to provide notice of the dischargeability bar date as required by the same Rule. We hold that the clerk’s failure to provide notice does not suspend the running of the fixed limitation period. Because the creditor had notice of the bankruptcy proceedings and more than ample opportunity to file his complaint in time, we affirm the district court’s dismissal of the complaint as time-barred.
 

 The material facts are conceded. In 1982, Stanley Neeley had obtained a district court judgment against Clinton Murchison, Jr., based on findings of fraud. Later, Chapter 11 bankruptcy proceedings were initiated against Murchison.
 
 [1]
 
 As a
 
 *346
 
 creditor, Neeley received Official Form 16 from the bankruptcy clerk. This written notice set the date for the initial creditors’ meeting, but the space for the deadline to file objections to dischargeability was left blank. Neeley was represented at the creditors’ meeting. Later, in response to several inquiries by Neeley’s attorneys, employees in the clerk’s office informed them that no dischargeability deadline had been set. Bankruptcy Rule 4007(c) bars the filing of dischargeability complaints more than 60 days after the date set for the initial creditors’ meeting. Neeley eventually filed his objection to dischargeability, ten days after the 60-day limitation period had run. Murchison responded with a motion to dismiss. The bankruptcy court dismissed Neeley’s claim as time-barred and the district court adopted the bankruptcy court’s opinion. This Court has jurisdiction under 28 U.S.C. § 158(c).
 

 Neeley’s objection to dischargeability was based on exceptions to discharging debts arising from “fraud,” as provided under the Bankruptcy Code, 11 U.S.C. § 523(a).
 
 [2]
 
 Section 523(c) of the Code provides that such debts shall be discharged unless on request of the creditor the court determines the debt is to be excepted from discharge. Bankruptcy Rule 4007(c) provides
 

 A complaint to determine the dis-chargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002.
 
 [3]
 
 On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.
 

 Neeley asserts that the clerk’s failure to give the 30-day notice suspends the running of the 60-day limitation period. We disagree. Considered as a whole, the language of Rule 4007(c), its development, and the provisions of § 523(c) of the Bankruptcy Code lead us to conclude otherwise.
 

 The predecessor of Rule 4007, Rule 409(a)(2), directed the court to fix a time for determining the dischargeability of a debt “not less than 30 days nor more than 90 days after the first date set for the meeting of creditors.” Rule 409(a)(2) required the court to give creditors “at least 30 days’ notice of the time so fixed.”
 
 [4]
 
 That Rule also permitted the court to extend the time for filing dischargeability complaints “for cause, on its own initiative or on application of any party in interest.” The court could grant a late-filed request for an extension of time for “excusable neglect,” under Rule 906(b) (now amended and designated as Rule 9006(b)).
 
 See In re Figueroa,
 
 33 B.R. 298 (Bankr.S.D.N.Y. 1983) (describing the evolution of these rules).
 

 By contrast, Rule 4007 sets a fixed limitation period of 60 days and further constrains the granting of extensions. The bankruptcy court can extend the time only if the creditor has filed a motion before the 60-day period expires, and then only “for cause.” Rule 9006(b)(3) explicitly excepts Rule 4007(c) from the “excusable neglect” standard, permitting time enlargement “only to the extent and under the conditions” stated in Rule 4007.
 

 These departures from past practice, as embodied in Rule 4007(c), evince a strong intent that the participants in bankruptcy proceedings be assured that, within the set period of 60 days, they can know which debts are subject to an exception to discharge. This fixed, relatively short limitation period enables the debtor and creditors to make better-informed decisions early in
 
 *347
 
 the proceedings. In Chapter 11 cases, the debtor is better able to formulate a timely reorganization plan and the creditors are better able to evaluate the feasibility of the plan.
 

 Moreover, § 523(c) of the Code, which Rule 4007 is designed to implement, places a heavy burden on the creditor to protect his rights: a debt of the type presented here is automatically discharged unless the creditor requests a determination of dis-chargeability. The one narrow exception to this rule incorporates a duty-to-inquire approach to notice issues. Under § 523(a)(3)(B), a debt is not automatically discharged if the debtor fails to schedule the creditor
 
 and
 
 the creditor had no notice or
 
 actual knowledge
 
 of the case in time to file a claim and a request for determination of dischargeability. Thus, in cases such as this one, it would be inconsistent with the scheme of § 523 to require technical compliance with the notice provision of Rule 4007: this would place the creditor who has written notice of the bankruptcy (albeit deficient notice under the Rule) in a better position than the unlisted creditor whose debt is discharged under § 523(c) if he merely learns of the bankruptcy proceedings in time to protect his rights.
 

 In today’s case Neeley was not notified of the exact bar date but he knew of the bankruptcy proceedings. Neeley’s counsel received notice of the date of the initial meeting of creditors and in fact attended the meeting. Indeed, even before the meeting, Neeley had himself obtained a modification of the stay from the bankruptcy court. At that time, the factual basis of his objection, the fraudulent conduct of the debtor, was established. Under these circumstances, counsel’s reliance on the blank in the form and on the oral assurances from the clerk’s employees was misplaced. At the very least, Rule 4007(c) plainly requires that a creditor file his § 523(c) complaint, or his motion for extension, within 60 days from the date set for the initial creditors’ meeting.
 

 For these reasons, we decline to follow
 
 In re Schwartz & Meyers,
 
 64 B.R. 948 (Bankr.S.D.N.Y.1986), which characterizes the notice requirement as “the necessary predicate and trigger to the running of the 60-day period.”
 
 Id.
 
 at 953. At least two jurisdictions have held that dismissal is warranted, even when the clerk does not notify the creditor of the dischargeability deadline.
 
 In re Rhodes,
 
 61 B.R. 626, 630 (9th Cir. BAP 1986) (dismissing a complaint as untimely filed, where counsel received actual notice of the bankruptcy proceedings approximately one month before the dischargeability bar date);
 
 In re Tosenberger,
 
 67 B.R. 256 (Bankr.N.D.Ohio 1986).
 

 We do not condone the clerk’s error or suggest that the notice provision is without force to prevent an obvious injustice to the creditor.
 
 [5]
 
 Faced with a practical inconsistency in the requirements of Rule 4007(c), we conclude that because Neeley had notice of the bankruptcy proceedings and more than ample opportunity to protect his rights under § 523(c), the purpose of the notice provision was met. The district court properly dismissed Neeley’s objection to dischargeability as time-barred. We AFFIRM.
 

 [1]
 

 . In 1982, Neeley sued Murchison and others for breach of an oral contract and fraud. Nee-ley obtained a judgment on both grounds and Murchison appealed. In February 1985, during the pendency of that appeal, Murchison’s Chapter 11 proceedings were initiated. In April 1985, this Court reversed the judgment on the breach of contract claims, but affirmed the findings of fraud and remanded for determination of actual and punitive damages.
 
 Neeley v. Bankers Trust Co. of Texas,
 
 757 F.2d 621 (5th Cir.1985). In June 1985, the bankruptcy court, at Neeley’s request, modified the automatic stay
 
 *346
 
 to allow the district court to proceed on remand to determine the amount of damages.
 

 [2]
 

 .Paragraphs (2) and (4) of § 523(a) provide exceptions to discharging specific debts when the debtor has acted fraudulently.
 

 [3]
 

 . Rule 2002(f) directs the clerk to give notice by mail.
 

 [4]
 

 . When the court did indeed fix the bar date, the purpose for requiring notice by the clerk is evident.
 

 [5]
 

 . For example, today’s case is not one in which the clerk gave an affirmative but erroneous notice of a bar date upon which the creditor might reasonably have relied.
 
 See In re Riso,
 
 57 B.R. 789 (D.N.H.1986) (after a change in venue, the creditor reasonably relied on the second clerk's erroneous notice).
 
 But see, In re Gardner,
 
 55 B.R. 89 (Bankr.D.D.C.1985) (dismissing a complaint filed on the 61st day, even though the clerk’s notice erroneously set a bar date that was 62 days after the creditors’ meeting). Neither is this a case in which the creditor raised an arguably timely motion to extend.
 
 See South Dakota Cement Plant v. Jimco Ready Mix Co.,
 
 57 B.R. 396 (D.S.D.1986).