**In re Edward D. MILLER and Laura F. Miller, Debtors.**

**Bankruptcy No. 86–03626–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida.

Jan. 13, 1988.

Geoffrey S. Aaronson, Schantz, Schatzman, et al., P.A., Miami, Fla., for debtors.

Ronald G. Neiwirth, Miami, Fla., for movants.

Robert Roth, Trustee, Miami, Fla.

**ORDER DENYING MOTION TO FIX DEADLINE FOR FILING COMPLAINT FOR DENIAL OF DISCHARGE AND/OR NON–DISCHARGEABILITY OF A DEBT**

A. JAY CRISTOL, Bankruptcy
Judge.

This cause came before the court on motion to fix deadline for filing complaint for denial of discharge and/or non-dischargeability of a debt filed by Stuart Bernstein, William Olliges and Thomas Boehm, creditors on December 11, 1987 and the response to the above-cited motion. Argument was heard by the court on January 7, 1988.

It appears that on April 1, 1987, the court entered an order setting a post-conversion meeting of this case. In paragraph 5 of the order where it is appropriate for the clerk to enter the bar date for filing objections to discharge and objecting to dischargeability of a debt, the clerk inadvertently entered "N/A" which was understood by all parties to mean not applicable.

Pursuant to the statute, the time for filing an objection to discharge or a complaint objecting to dischargeability of a debt expired 60 days after the meeting of creditors which was set by this order on April 24, 1987. This order did not give notice to any creditor of the exact day on which 60 days from April 24, 1987 would be for the time for filing objections to discharge and complaints for non-dischargeability.

The debtors argue that the creditors had actual notice of the discharge date and of the fact that the discharge date had been extended at the request of the trustee. The creditors argue that the rule provides that the court shall give all creditors not

less than 30 days notice of the time so fixed provided in Rule 2002.

This issue was squarely addressed by the U.S. Court of Appeals for the Fifth Circuit in *Neeley v. Murchison*, 815 F.2d 345, 15 B.C.D. 1378 (5th Cir.1987).

In that case the Fifth Circuit held:

"The creditor in this Chapter 11 bankruptcy proceeding failed to file his objection to dischargeability within the time limitation set by Rule 4007(c) of the Bankruptcy Rules of Procedures; likewise, the clerk's office failed to provide notice of the dischargeability bar date as required by the same Rule. We hold that the clerk's failure to provide notice does not suspend the running of the fixed limitation period. Because the creditor had notice of the bankruptcy proceedings and more than ample opportunity to file his complaint in time, we affirm the district court's dismissal of the complaint as time-barred."

Accordingly and upon consideration, it is ORDERED that the motion to fix deadline for filing complaint for denial of discharge and/or non-dischargeability of a debt is denied.