In the Matter of Henry Charles SAM and Gloria H. Sam, Debtors.

Sidney Louis GROSSIE, Appellant,

v.

Henry Charles SAM, et al., Appellees.

No. 89–4201.

United States Court of Appeals,
Fifth Circuit.

Feb. 22, 1990.

Samuel David Abraham, Joseph A. Koury, Lafayette, La., for appellant.

Lawrence R. Anderson, Jr., Anderson, Duncan & Ayo, Rose Polito Wooden, Asst. Atty. Gen., Dept. of Justice, Baton Rouge, La., for appellees.

Appeal from the United States District Court for the Western District of Louisiana.

Before LIVELY *, JOLLY and HIGGINBOTHAM, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

In this appeal, we must decide whether the discharge in bankruptcy, as time-barred, of a constitutional tort claim of a plaintiff, who has knowledge of the pendency of the bankruptcy case only eighteen days before the bar date, unconstitutionally deprives the plaintiff of property without due process of law. We hold that the requirements of constitutional procedural due process were satisfied in this case.

I

On June 2, 1987, Henry Charles Sam and Gloria H. Sam filed a joint petition for bankruptcy under Chapter 11 of the Bankruptcy Code. On September 30, 1987, Sidney L. Grossie, the appellant, filed a complaint in federal district court, alleging that Mr. Sam, a police officer, violated his constitutional rights by arresting and beating him on September 30, 1986. Sam was served with the complaint on October 9, 1987.

On October 13, 1987, the bankruptcy court converted the Sams' case from Chapter 11 to Chapter 7. On October 16, 1987, the bankruptcy court issued a new notice of bankruptcy, which advised the creditors of the conversion, announced a meeting of the creditors on November 12, 1987, and notified them that January 11, 1988, was the deadline for filing claims. Grossie was not listed as a creditor at this time, and

* Circuit Judge of the Sixth Circuit, sitting by designation.

neither Grossie nor his attorney was sent a copy of the notice.

On December 22, 1987, the Sams' attorney sent Grossie's attorney a Notice of Automatic Stay, which identified the bankruptcy court, the names of the debtors, the case number, and the debtor's bankruptcy attorney. It did not, however, indicate the bar date. Grossie's attorney received the notice on December 23, 1987.

On January 7, 1988, the Sams filed an amended schedule dated December 16, 1987, listing Grossie as a creditor. The amended schedule filed with the court was accompanied by a December 16, 1987 certificate that service was made upon all creditors named or affected by the amendment, but Grossie and his attorney did not receive the amendment.

On February 3, 1988, Grossie's attorney first became aware of the January 11, 1988 bar date. On February 3, 1988, he received a pleading in the federal court case with the section 341 notice to creditors attached. January 11, 1988 was specified in the notice as the last date for filing objections to discharge.

On February 10, 1988, Grossie filed a motion objecting to the discharge of his claim. The motion did not include an adversary proceeding cover sheet and filing fee, and the Clerk's office returned the motion with a deficiency notice. Grossie's attorney corrected the deficiency and filed the adversary complaint with the proper fee on February 17, 1988.

## II

The bankruptcy court found that the Sams had not deliberately concealed from Grossie information concerning the bankruptcy proceedings. 94 B.R. 893. Furthermore, the court found that Grossie had actual knowledge of these proceedings eighteen days prior to the bar date (January 11, 1988) by virtue of the Notice of Automatic Stay he received on December 23, 1987, and that he did not file his claim until February 17, 1988. The court held that because Grossie had not requested an extension for filing the objection, as permitted under section 523(c) as implemented by Bankruptcy Rule 4007(c), his objection was time-barred under section 523(a)(3)(B), pursuant to *Neeley v. Murchison*, 815 F.2d 345 (5th Cir.1987). The court further held that due process requirements had been satisfied because Grossie's attorney had actual knowledge of the proceedings eighteen days prior to the bar date.

## III

Grossie contends that the discharge of his claim through the operation of 11 U.S.C. §§ 523(a)(3)(B) [1] and 523(c), [2] as implemented in Bankruptcy Rule 4007(c), and as interpreted by this court in *Neeley v. Murchison*, deprived him of his property without due process of law. Grossie advances two arguments to support denial of due process: (1) this statutory construction deprives known creditors of their statutorily required thirty-day notice under Bankruptcy Rule 4007(c) in violation of due process rights as recognized in *City of New York v. New York, N.H. & H.R. Co.*, 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953); and (2) actual knowledge of the bankruptcy proceedings in time to file a timely request

---

1. Section 523(a)(3)(B) provides:
   (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
   (3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
   (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or

actual knowledge of the case in time for such timely filing and request....

2. Section 523(c) provides:
   (c) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

for a determination of dischargeability under section 523(a)(3)(B) is a constitutionally infirm substitute for the thirty-day notice requirement of Rule 4007(c).

## IV

Grossie's claim against Sam under 42 U.S.C. § 1983 is a claim "for willful and malicious injury by the debtor to another entity" under 11 U.S.C. § 523(a)(6). Section 523(a)(3)(B), which applies to debts of the kind specified in section 523(a)(6), provides that a debtor is not discharged from a debt that was "neither listed nor scheduled ... in time to permit ... [a] timely request for a determination of dischargeability of such debt ..., unless such creditor had notice or *actual knowledge of the case* in time for such timely ... request." (Emphasis supplied.)

Section 523(c) states that, except as provided in section 523(a)(3)(B), "the debtor shall be discharged from a debt specified in [section 523(a)(6)] ... unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge...."

Bankruptcy Rule 4007(c), which implements section 523(c), states:

A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

In *Neeley v. Murchison* this court considered the interplay of sections 523(a)(3)(B), 523(c), and Bankruptcy Rule 4007(c). In *Neeley*, before bankruptcy, Neeley, the creditor, obtained a judgment against Murchison, the debtor, for fraud. Afterwards, Chapter 11 bankruptcy proceedings were initiated against Murchison.

Neeley received notice from the bankruptcy clerk of the date for the initial creditors' meeting, but the space for the deadline to file objections to dischargeability was left blank. Before the meeting, Neeley himself obtained a modification of the stay from the bankruptcy court. Neeley's attorney attended the creditors' meeting. Neeley's attorney was later informed by employees in the bankruptcy court clerk's office that no dischargeability deadline had been set. Although no precise date had been set, this advice ignored Rule 4007 that provides that the bar date shall be no later than sixty days after the first meeting of creditors. Neeley filed objections to discharge ten days after the sixty-day limitation period had run. The bankruptcy and district courts dismissed Neeley's claim as time-barred.

A panel of this court affirmed. The panel noted that Bankruptcy Rule 4007(c) requires that creditors receive thirty days notice of the deadline for filing objections to discharge. The panel concluded, however, that section 523(c), which Rule 4007(c) only implements,

places a heavy burden on the creditor to protect his rights: a debt of the type presented here is automatically discharged unless the creditor requests a determination of dischargeability. The one narrow exception to this rule incorporates a duty-to-inquire approach to notice issues. Under § 523(a)(3)(B), a debt is not automatically discharged if the debtor fails to schedule the creditor and the creditor had no notice or actual knowledge of the case in time to file a claim and a request for determination of dischargeability. Thus, in cases such as this one, it would be inconsistent with the scheme of § 523 to require technical compliance with the notice provision of Rule 4007: this would place the creditor who has written notice of the bankruptcy (albeit deficient notice under the Rule) in a better position than the unlisted creditor whose debt is discharged under § 523(c) if he merely learns of the bankruptcy proceeding in time to protect his rights.

*Id.* at 347. We do note that there are several differences between the factual situation in *Neeley* and the factual situation in this case, and that those factual differences might arguably support more favorable treatment for Grossie. Grossie seems to concede, however, that *Neeley* pretty well precludes his claim to any statutory right to any more specific or lengthy notice than he received. He argues, however, for reasons we have earlier noted, that he has been denied constitutional due process, a point not addressed by *Neeley*.

Grossie asserts his constitutional right to actual notice of the bar date on the basis of *City of New York v. New York, N.H. & H.R. Co.*, 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953). Grossie's reliance on *City of New York*, however, is misplaced. In the first place, the case apparently was decided on statutory rather than constitutional grounds. In any event, it does not control the case before us. In *City of New York*, notice of the bar date was published in a newspaper. Although the city had knowledge of the railroad reorganization proceeding, the Court held that it had no duty to inquire as to the deadline for filing claims: "[e]ven creditors who have knowledge of a reorganization have a right to assume that the statutory 'reasonable notice' will be given them before their claims are forever barred." 344 U.S. at 297, 73 S.Ct. at 301. The reason that the Court held that the creditor was entitled to actual notice of the bar date was because, under the Bankruptcy Act of 1898, the setting of the bar date was left to the discretion of the bankruptcy judge. Thus, the imposition of a duty on the part of creditors to inquire continually into "possible court orders" was too burdensome. *Id.*

The rationale upon which *City of New York* was decided simply does not apply in this case today. Under the 1978 Act the bar date is not discretionary with the court. Instead, Bankruptcy Rule 4007(c) requires that nondischargeability complaints must be filed within sixty days from the first date set for a meeting of creditors. When a creditor is aware of the pendency of bankruptcy proceedings, the imposition of a duty on the part of the creditor to make an inquiry to determine the date of the first meeting of creditors, and to consult Bankruptcy Rule 4007(c) and calculate the bar date (sixty days after the date set for the initial creditors' meeting) is not so burdensome as to outweigh the need for expeditious administration of bankruptcy cases. *See In re Price*, 79 B.R. 888, 892–93 (9th Cir.B.A.P.1987).

Obviously, one of the purposes of Bankruptcy Rule 4007(c) and sections 523(a)(3)(B) and 523(c) is to give creditors notice and an opportunity to be heard. Another purpose of the time references in these statutes, however, is to promote the expeditious and efficient administration of bankruptcy cases by assuring participants in bankruptcy proceedings "that, within the set period of 60 days, they can know which debts are subject to an exception to discharge." *See Neeley*, 815 F.2d at 347–48. Our construction of the rule and the statutes in *Neeley* simply recognized that the purpose of the notice requirement is satisfied when the creditor has actual knowledge of the case in time to permit him to take steps to protect his rights. Under such circumstances, technical compliance with Rule 4007(c)'s requirement that the creditor receive thirty days notice of the bar date frustrates the expeditious and efficient administration of cases in the bankruptcy court and is unnecessary to provide adequate notice.

Thus, with respect to Grossie's constitutional claims, we note once again, that all constitutional due process requires in this case is that he have "notice reasonably calculated, under all the circumstances, to apprise [him] of the pendency of the action and afford [him] an opportunity to present [his] objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). When Grossie received the Notice of Automatic Stay eighteen days prior to the bar date, he was on notice that his section 1983 claim against Sam was affected by Sam's bankruptcy, and he had eighteen days to inquire as to the bar date and file his complaint or a motion to extend the bar date. Thus, Grossie had the "actual knowl-

edge *of the case* " necessary to permit him to take steps to protect his rights. Such notice is all that is required by section 523(a)(3)(B), and because that notice apprised him of the pendency of the action and was timely enough to afford him an opportunity to present his objections, it satisfies constitutional procedural due process requirements. Therefore, technical compliance with the thirty-day notice requirement of Bankruptcy Rule 4007(c) was not necessary in order to comply with constitutional due process.

For the foregoing reasons, the judgment of the district court affirming the judgment of the bankruptcy court is

AFFIRMED.