**In re Billy Wayne BUTLER.**

**Bank of Winona, Plaintiff,**

**v.**

**Billy Wayne Butler, Defendant.**

**Bankruptcy No. 98–15138.**
**Adversary No. 99–1044.**

United States Bankruptcy Court,
N.D. Mississippi.

June 30, 1999.

Barrett J. Clisby, Roberts and Clisby, P.A., Oxford, MS, for Bank of Winona.

Raymond M. Baum, Winona, MS, for Billy Wayne Butler.

## OPINION

DAVID W. HOUSTON, III, Bankruptcy Judge.

On consideration before the court is a motion to dismiss filed by the debtor/defendant, Billy Wayne Butler; response to said motion having been filed by the plaintiff, Bank of Winona; and the court, having considered same, hereby finds as follows, to-wit:

### I.

The court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(I) and (J).

### II.

On September 25, 1997, Billy Wayne Butler (hereinafter "debtor") personally guaranteed a promissory note executed by Butler Motor Co., Inc., in favor of the Bank of Winona (hereinafter "Bank"). The debtor, as President of Butler Motor Co., Inc., used the proceeds of the loan to operate a used car business. He filed his voluntary Chapter 7 bankruptcy petition on November 2, 1998. The Bank was listed on Schedule D as a secured creditor with a claim of $77,701.48. A Notice of Filing was generated and mailed to all interested parties including the Bank. The Notice of Filing expressly provided that February 12, 1999, was the last day to file complaints to determine the dischargeability of a debt or to deny the debtor's discharge.

The Bank's attorneys, Roberts & Clisby, P.A., drafted a complaint objecting to the debtor's discharge and seeking to deny the dischargeability of its debt, respectively pursuant to § 727 and § 523 of the Bankruptcy Code [1]. Elizabeth Ross, a third year law student clerking for the law firm, testified that she took the complaint to the office of the Clerk of the United States District Court for the Northern District of Mississippi in Oxford, Mississippi, on February 10, 1999, where it was stamped "received" by a deputy clerk. Ms. Ross then withdrew the complaint from the deputy clerk, returned to the Roberts & Clisby law offices, and mailed the complaint to the bankruptcy clerk's office in Aberdeen, Mississippi. The complaint was mailed on Wednesday, February 10, 1999, but because of an intervening weekend and federal holiday, the complaint was not received in the bankruptcy clerk's office until Tuesday, February 16, 1999. The complaint had a district court civil cover sheet attached to it, rather than a bankruptcy adversary proceeding cover sheet, and was not accompanied by the required $150.00 filing fee. For these reasons, the complaint was "pre-filed" on February 16, 1999, and the Bank's attorney was notified of the infirmities. The required filing fee was received on February 24, 1999, and the complaint was stamped "filed" on that date. A properly executed adversary proceeding cover sheet was ultimately received on March 12, 1999. The debtor timely filed an answer which alleged, as an affirmative defense, that the complaint was filed after the bar date. A separate motion to dismiss was filed contemporaneously with the answer.

## III.

The complaint filed by the Bank seeks to deny the dischargeability of its debt pursuant to §§ 523(a)(2) and (4), and, in the alternative, to deny the debtor's discharge pursuant to § 727(a).

Section 523(c)(1) provides that a debtor shall be discharged from a debt of a kind specified in paragraphs (2), (4), (6) or (15) of § 523(a), unless "on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge..." Likewise, § 727(c)(1) provides that a creditor "may object to the granting of a discharge under subsection (a) of this section." The procedures applicable to these causes of action are dictated by Rules 4007 and Rule 4004, respectively, of the Federal Rules of Bankruptcy Procedure. For reference purposes, the portions of these rules which are pertinent to the present action are set forth as follows:

**Rule 4007. Determination of Dischargeability of a Debt.**

. . . .

**(c) TIME FOR FILING COMPLAINT UNDER § 523(c) IN CHAPTER 7 LIQUIDATION, CHAPTER 11 REORGANIZATION, AND CHAPTER 12 FAMILY FARMER'S DEBT ADJUSTMENT CASES: NOTICE OF TIME FIXED.** A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subsection. The motion shall be made before the time has expired.

**Rule 4004. Grant or Denial of Discharge.**

**(a) TIME FOR FILING COMPLAINT OBJECTING TO DISCHARGE; NOTICE OF TIME**

---

1. Hereinafter, all statutory citations are to the United State Bankruptcy Code unless otherwise indicated.

**FIXED.** In a Chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). In a Chapter 11 reorganization case, such complaint shall be filed not later than the first date set for the hearing on confirmation. Not less than 25 days notice of the time so fixed shall be given to the United States Trustee and all creditors as provided in Rule 2002(f) and (k) and to the trustee and to the trustee's attorney.

**(b) EXTENSION OF TIME.** On motion of any party in interest, after hearing on notice, the court may extend for cause the time for filing a complaint objecting to discharge. The motion shall be made before such time has expired.

Pursuant to the above rules, complaints to determine dischargeability and complaints objecting to a debtor's discharge must be filed within 60 days following the first date set for the meeting of creditors unless the creditor has requested and received an extension of the 60 day period for cause. Within the Fifth Circuit, the 60 day period for filing complaints is strictly enforced. In *Neeley v. Murchison*, 815 F.2d 345 (5th Cir.1987), a creditor's attorney received a notice of the bankruptcy filing which inadvertently left blank the deadline date for filing the aforesaid complaints. The attorney contacted the bankruptcy clerk's office and was incorrectly advised that no filing deadlines had been set. The attorney eventually filed his complaint to determine dischargeability ten days after the sixty-day period had expired. The bankruptcy court dismissed the complaint as time barred. On appeal, the district court affirmed. On further appeal, the Fifth Circuit held that since the creditor had notice of the bankruptcy filing, reliance on the omission in the filing notice and on the oral assurances from the clerk's employee was misplaced. "At the very least, Rule 4007(c) plainly requires that a creditor file his § 523(c) complaint or his motion for extension, within sixty days from the date set for the initial creditor's meeting." *Neeley v. Murchison,* 815 F.2d at 347. In its decision, the court observed that the "excusable neglect" defense does not apply in such situations[2] and recognized that the sixty day limitations period places "a heavy burden" on creditors. *Id.* at 346–47. The court concluded that because the creditor had notice of the bankruptcy proceedings and more than ample opportunity to protect his rights under § 523(c), the district court and the bankruptcy court had properly dismissed the complaint at time-barred.

In decisions published subsequent to the *Neeley v. Murchison* case, the Fifth Circuit has continued to strictly enforce the sixty day limitations period. In *Covert v. McGuirt (In re McGuirt),* 879 F.2d 182 (5th Cir.1989), Covert filed a motion to lift the automatic stay in the Chapter 7 case of McGuirt to allow a pending state court action alleging fraud and misrepresentation against McGuirt to continue. The stay was lifted and the state court litigation was allowed to proceed. When Covert realized that he had failed to preserve his rights to have the debt excepted from discharge by filing a complaint within the sixty day time limit, he argued that the motion to terminate the automatic stay provided informal, but timely, notice to the debtor that he was objecting to the discharge of his claim. The bankruptcy court refused to extend a "notice-based exception" to Rule 4007(c). The bankruptcy court was affirmed by the district court and the Fifth Circuit.

---

**2.** By providing that a bankruptcy court may enlarge the time for taking action under Bankruptcy Rules 4004(a) and 4007(c), only to the extent and under the conditions stated in those rules, Bankruptcy Rule 9006(b)(3) explicitly excepts Rules 4004(a) and 4007(c) from the "excusable neglect" defense.

In *Ramos v. Compton (In re Compton)*, 891 F.2d 1180 (5th Cir.1990), a creditor did not receive a formal notice of the bankruptcy filing due to the improper scheduling of his claim by the debtor. However, the creditor was found to have had actual notice of the bankruptcy filing within sufficient time to have protected his rights by either filing a timely complaint or a motion for an extension of time. The untimely filed complaint was dismissed. Likewise, in *Grossie v. Sam (In re Sam)*, 894 F.2d 778 (5th Cir.1990), the Fifth Circuit held that a creditor's due process rights were not violated when a complaint to except a debt from discharge was dismissed as being untimely filed even though the creditor was never formerly notified of the bar date and learned of the debtor's bankruptcy only eighteen days before the expiration of the bar date. In a 1991 decision by the Fifth Circuit, the dismissal of a late filed dischargeability complaint was upheld where the creditor had not moved for an extension of the filing deadline, but had relied on a deadline extension order issued for the benefit of other creditors. *Ichinose v. Homer National Bank (In Re Ichinose)*, 946 F.2d 1169 (5th Cir.1991).

The court recognizes that the factual situations in the cases noted hereinabove are all distinguishable from the matter presently before the court. The cases are cited, however, to highlight the fact that the Fifth Circuit has refused to extend, waive, or modify the sixty day limitations period in practically every factual scenario.

### IV.

The proper place for filing complaints in a bankruptcy case is dictated by Bankruptcy Rule 5005(a) of the Federal Rules of Bankruptcy Procedure:

**Rule 5005. Filing and Transmittal of Papers.**

**(a) FILING.**

*(1) Place of filing.* The lists, schedules, statements, proofs of claim or interest, *complaints*, motions, applications, objections and other papers required to be filed by these rules, . . ., shall be filed with the clerk in the district where the case under the Code is pending. The judge of that court may permit the papers to be filed with the judge, in which event the filing date shall be noted thereon, and they shall be forthwith transmitted to the clerk. The clerk shall not refuse to accept for filing any petition or any other paper presented for the purpose of filing solely because it is not presented in proper form as required by these rules or any local rules or practices.

Bankruptcy Rule 5005(a) (emphasis added).

The term "clerk" is defined at Bankruptcy Rule 9001(3) as follows:

**Rule 9001. General Definitions.**

The definitions of words and phrases in § 101, § 902, and § 1101 and the rules of construction in § 102 of the Code govern their use in these rules. In addition, the following words and phrases used in these rules have the meanings indicated:

. . .

(3) "Clerk" means bankruptcy clerk, if one has been appointed, otherwise clerk of the district court.

. . .

The proper place for filing a bankruptcy petition, as distinguished from motions, proofs of claim, complaints, or other pleadings, is further governed by Rule 5 of the Uniform Local Rules of Bankruptcy Procedure. For reference purposes, the pertinent provisions of Local Rule 5 are set forth as follows:

Rule 5. *Place of Filing Petition.*

(a) *General Rule.* A petition commencing a case under Title 11 shall be filed in the following locations:

(1) For cases in the Northern District, in the office of the Clerk of the United States Bankruptcy Court at Aberdeen, Mississippi, . . .

(b) *Emergency Filings.* Where circumstances require immediate filing so as to forestall a judicial sale or foreclosure sale of any of the debtor's property, or other like emergency, such emergency petitions are permitted to be tendered for filing in the following locations:

> 1. For cases in the Northern District, the petition may be carried to the office of the clerk of the United States District Court at Greenville, Clarksdale, or Oxford, Mississippi, and there tendered for filing,
>
> . . .

In such emergency circumstances, the clerk of the United States District Court and his deputies are authorized to note on such petition the time and date when the petition is received. The clerk of the United States District Court shall forthwith transmit the petition so tendered, with any accompanying papers, and the filing fee, if paid, to the clerk of the United States Bankruptcy Court. If the petition is eligible for filing under applicable law and rules, the clerk of the United States Bankruptcy Court shall file said petition as of the time and date when the same was marked received by the clerk of the United States District Court.

(c) *Applicability of Rule.* Part (b) of this local rule applies only to petitions commencing a bankruptcy case and not to other bankruptcy filings.

■ Bankruptcy Rule 5005 requires that any papers to be filed in a bankruptcy case in the Northern District of Mississippi should be filed with the bankruptcy clerk's office in Aberdeen, Mississippi. Local Rule 5 provides a limited exception to Rule 5005 by allowing bankruptcy *petitions* to be filed with the district court clerk on an emergency basis. However, Local Rule 5 specifically limits this exception to the petition which initiates a bankruptcy case. The exception does not apply to motions or complaints.

V.

In the matter presently before the court, the Bank did not file a motion for an extension of time within which to file complaints. Furthermore, there have been no allegations raised by the Bank concerning any alleged lack of formal or actual notice of the bankruptcy filing. Accordingly, the issue before the court is whether or not the act of having the complaint stamped "received" by the district court clerk in Oxford, Mississippi, on February 10, 1999, qualifies as a filing of the complaint within the sixty day time period which expired on February 12, 1999.

As set forth hereinabove, Bankruptcy Rule 5005 and Local Rule 5 require that all papers, other than emergency petitions, must be filed with the bankruptcy clerk's office in Aberdeen, Mississippi. The attempt by the Bank to file its complaint in Oxford did not comply with these rules.

■ In deciding this matter, the court looked closely at subsection (c) of Bankruptcy Rule 5005, which provides a "safe harbor" for papers which are erroneously filed at the wrong location. For reference purposes, the applicable provisions of Bankruptcy Rule 5005(c) are set forth as follows:

> (c) **ERROR IN FILING OR TRANSMITTAL.** A paper intended to be filed with the [bankruptcy] clerk, but erroneously delivered to the United States Trustee, the trustee, the attorney for the trustee, a bankruptcy judge, a district judge, or the clerk of the district court shall, after the date of its receipt has been noted thereon, be transmitted forthwith to the clerk of the bankruptcy court. . . . In the interest of justice, the court may order that a paper erroneously delivered shall be deemed filed with the [bankruptcy] clerk . . . as of the date of its original delivery.

The court is of the opinion that the actions of the Roberts & Clisby law clerk, though unwitting, are sufficient to meet the "safe harbor" provisions of Rule

5005(c). She delivered the complaint to the clerk of the U.S. District Court, had the date of receipt stamped thereon, and then promptly transmitted the complaint to the bankruptcy clerk. Ordinarily, correspondence mailed from Oxford, Mississippi, on Wednesday, February 10, 1999, would reach the bankruptcy clerk's office in Aberdeen, Mississippi, by Friday, February 12, 1999, the actual deadline to file complaints in this case. For unknown reasons, other than the vagaries of the mail, the complaint was not received until the next business day, Tuesday, February 16, 1999. The court believes that, in the interest of justice, the complaint should be deemed filed with the bankruptcy clerk as of the date of its original delivery to the district court clerk. The subsequent receipt of the filing fee and the adversary cover sheet does not adversely affect this conclusion. As such, the debtor's motion to dismiss is not well taken and will be overruled by a separate order.