UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41184
Summary Calendar
_____

RAYFORD EARL HARPER,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:98-CV-211
--------------------

December 1, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Federal prisoner Rayford Earl Harper, appearing pro se, appeals the district court's summary judgment dismissal of his civil suit against the Government seeking the return of property seized at the time of his arrest.  Harper argues that the district court erred in holding that notice by publication and mailed notice to Harper's criminal attorney were sufficient to properly notify Harper of the civil forfeiture proceedings.

Our de novo review of the record in this case reveals that there is no genuine issue of material fact and the Government is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

entitled to judgment as a matter of law.  See Hale v. Townley, 45 F.3d 914, 917 (5th Cir. 1995); Fed. R. Civ. P. 56(c).  In support of its motion for summary judgment, the Government submitted Harper's verified Petition for Mitigation and Remission, in which Harper stated that he personally received notice of the seizure of his property thirteen days prior to the deadline for asserting his claim to the seized property.  Thus, Harper's own statement establishes that Harper was not deprived of his due process right to notice timely enough to allow him to present his objections regarding the seizure.  See Matter of Sam, 894 F.2d 778, 781-82 (5th Cir. 1990).  Accordingly, the district court's grant of summary judgment to the Government was proper.  See Jones v. Sheehan, Young & Culp, P.C., 82 F.3d 1334, 1337 (5th Cir. 1996) (holding that appeals court may affirm district court's summary judgment decision on any legally sufficient ground).  The judgment of the district court is AFFIRMED.