**In re William S. HAMMONS, Sr.**

**Billy Walker, Plaintiff,**

v.

**William S. Hammons, Sr., William S. Hammons, Jr., and George A. Hammons, Defendants.**

**No. 99–11099.**

United States Bankruptcy Court, N.D. Mississippi.

April 3, 2000.

Preston Davis Rideout, Jr., Greenwood, MS, for Billy Walker.

Glenn H. Williams, Cleveland, MS, for Defendants.

## OPINION

DAVID W. HOUSTON, III, Bankruptcy Judge.

On consideration before the court is a motion to dismiss filed by debtor/defendant, William S. Hammons, Sr.; response to said motion having been filed by the plaintiff, Billy Walker; and the court, having considered same, hereby finds as follows, to-wit:

### I.

The court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(I) and (J).

### II.

William S. Hammons, Sr., (Hammons, Sr.) operated a used car business in Greenwood, Mississippi, along with his sons, William S. Hammons, Jr., and George A. Hammons. When the business began to experience financial difficulties, Billy Walker (hereinafter "Walker" or "plaintiff") agreed to sign a $30,000.00 note as co-maker along with William S. Hammons, Jr., and George A. Hammons, payable to The Valley Bank (Valley Bank). Walker alleges that as an inducement for his agreement to sign as a co-maker, William S. Hammons, Jr., and George A. Hammons agreed, along with their wives, to execute deeds of trust on their respective homesteads to Valley Bank as collateral to secure the payment of the note. The deeds of trust were never delivered to Valley Bank. William S. Hammons, Jr., and George A. Hammons each filed bankruptcy cases on June 15, 1999. The failure to deliver the deeds of trust forms the basis of a separate count in the above captioned adversary proceeding. However, this count of the complaint is not affected by the present motion to dismiss.

As a consequence of the financial difficulties experienced by the family's used car business, Valley Bank repossessed four vehicles on which it held a primary security interest. The bank advised that it would release the vehicles upon the receipt of a $30,000.00 payment. As an additional accommodation to the Hammons, Walker agreed to borrow $30,000.00 from Bank of Commerce and loan it to the Hammons so they could pay Valley Bank to have the vehicles released. Walker alleges that the Hammons agreed to promptly sell the vehicles and use the proceeds to pay Walker's note with Bank of Commerce. This was apparently never done, and Walker is continuing to pay the interest accruing on

the Bank of Commerce note which remains outstanding.

Hammons, Sr., filed a Chapter 7 bankruptcy case on March 2, 1999. Walker was not listed as a creditor in this case. The bar date for filing complaints to determine dischargeability and/or complaints to deny discharge was set as June 7, 1999. Walker filed the present adversary proceeding on July 19, 1999. In his prayer for relief, Walker seeks an adjudication of non-dischargeability as to all three defendants for all amounts already paid to Valley Bank and Bank of Commerce, as well as, for the remaining balances owed to both banks plus pre-judgment and post-judgment interest as provided by law. Presumably, this part of the cause of action is brought pursuant to 11 U.S.C. § 523(a)(2)(A)[1]. In addition, Walker asserts that since the debts owed to him by Hammons, Sr., as well as, his sons, were not properly scheduled, they are non-dischargeable pursuant to § 523(a)(3).

In the jurisdictional paragraph set forth in his complaint, Walker admits that, as to Hammons, Sr., the complaint was filed beyond the bar date. Walker states that since he was not listed as a creditor in the bankruptcy schedules filed by Hammons, Sr., he had no notice either of the filing of the bankruptcy case or of the bar date applicable to the filing of complaints. Walker alleges that under these circumstances, the late filing of the complaint should be allowed as excusable neglect. The motion to dismiss as to Hammons, Sr., is based exclusively on the filing of the complaint after the established bar date.

### III.

■ As noted above, Walker seeks to deny the dischargeability of the debt owed to him by Hammons, Sr., as being obtained through false pretense, false representation or actual fraud. Alternatively, Walker seeks an adjudication of non-dischargeabil-

ity pursuant to § 523(a)(3) which relates to debts which are not scheduled. There is no time limitation barring the filing of a § 523(a)(3) complaint.

Section 523(c)(1) provides that a debtor shall be discharged from a debt of a kind specified in paragraphs (2),(4), (6), or (15) of § 523(a), unless "on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge . . ." The procedure applicable to this type cause of action is dictated by Bankruptcy Rule 4004. For reference purposes, the pertinent portion of this rule is set forth as follows:

**Rule 4007. Determination of Dischargeability of a Debt.**

. . . .

**(c) TIME FOR FILING COMPLAINT UNDER § 523(c) IN CHAPTER 7 LIQUIDATION, CHAPTER 11 REORGANIZATION, AND CHAPTER 12 FAMILY FARMERS DEBT ADJUSTMENT CASES: NOTICE OF TIME FIXED.** A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subsection. The motion shall be made before the time has expired.

■ Pursuant to the above rule, complaints to determine dischargeability must be filed within 60 days following the first date set for the first meeting of creditors unless the creditor has requested and received an extension of the 60 day period for cause. Within the Fifth Circuit, the 60

---

**1.** Hereinafter all statutory citations are to the United States Bankruptcy Code unless otherwise indicated.

day period for filing complaints has been strictly enforced even in instances where the notice received by the creditor was defective or even non-existent. In *Neeley v. Murchison*, 815 F.2d 345 (5th Cir.1987), a creditor's attorney received a notice of the bankruptcy filing which inadvertently left blank the deadline date for the filing of complaints to determine dischargeability. The attorney contacted the bankruptcy clerk's office and was incorrectly advised that no filing deadlines had been set. The attorney eventually filed his complaint to determine dischargeability 10 days after the 60 day period had expired. The bankruptcy court dismissed the complaint as time barred. On appeal, the district court affirmed. On further appeal, the Fifth Circuit held that since the creditor had actual notice of the bankruptcy filing, reliance on the information in the notice received from the clerk and on the oral assurances from the clerk's employee was misplaced. "At the very least, Rule 4007(c) plainly requires that a creditor file his § 523(c) complaint or his motion for extension, within 60 days from the date set for the initial creditor's meeting." *Neeley v. Murchison*, 815 F.2d at 347. In its decision, the court observed that the "excusable neglect" defense does not apply in such situations and recognized that the 60 day limitations period places a "heavy burden" on creditors.[2] *Id.* at 346–47. The court ruled that because the creditor had notice of the bankruptcy case and more than ample opportunity to protect his rights under § 523(c), the district court and the bankruptcy court had properly dismissed the complaint as time-barred.

In *Ramos v. Compton (In re Compton)*, 891 F.2d 1180 (5th Cir.1990), a creditor did not receive a formal notice of the bankruptcy filing due to the improper schedul-

ing of his claim by the debtor. However, the creditor was found to have had actual notice of the bankruptcy filing within sufficient time to have protected his rights by either filing a timely complaint or a motion for an extension of time. The untimely filed complaint was dismissed.

Likewise, in *Grossie v. Sam (In re Sam)*, 894 F.2d 778 (5th Cir.1990), the Fifth Circuit held that a creditor's due process rights were not violated when a complaint to except a debt from discharge was dismissed as being untimely filed even though the creditor was never formally notified of the bar date and learned of the debtor's bankruptcy only 18 days before the expiration of the bar date.

Although none of the above Fifth Circuit opinions are identical factually to the present matter, they are similar in that the creditor was aware of the bankruptcy case at a date early enough to file a complaint to determine dischargeability or to request an extension of the bar date.

## IV.

At the hearing on the motion to dismiss, Hammons, Sr., candidly admitted that he had failed to list Walker as a creditor in his bankruptcy schedules. However, he testified that Walker drove him to his bankruptcy attorney's office in order to discuss the withdrawal or dismissal of his bankruptcy filing so that a loan could be arranged by Hammons, Sr., with Valley Bank. Hammons, Sr., indicated that he never represented to Walker that his case was going to be dismissed. Although Walker contradicted this testimony, it is important to note that Walker did not dispute the fact that he accompanied Hammons to the attorney's office to discuss the bankruptcy case[3]. Although nei-

---

2. By providing that a bankruptcy court may enlarge the time for taking action under Bankruptcy Rule 4007(c) only to the extent and under the conditions stated in that rule, Bankruptcy Rule 9006(b)(3) explicitly excepts Rule 4007(c) from the "excusable neglect" defense.

3. The attorney for Hammons, Sr., filed a motion to withdraw as attorney of record on April 2, 1999, which was granted by order of this court entered on April 8, 1999. The court surmises that the withdrawal of the attorney may have been misinterpreted by

ther party testified as to the exact date of this visit, it apparently took place sometime before April 21, 1999, which is the date on which both parties testified that a second meeting took place at Walker's office. Those attending this second meeting were Walker, Hammons, Sr., his two sons and their wives, as well as, representatives from Valley Bank and from Bank of Commerce. The purpose of this meeting, according to Hammons, Sr., was to attempt to procure a loan from Bank of Commerce. Although neither party testified as to whether bankruptcy was discussed at this meeting, it is inconceivable to the court that Hammons, Sr., could negotiate the making of a loan without his pending bankruptcy case being mentioned. Nevertheless, it is uncontroverted that Walker accompanied Hammons, Sr., to his bankruptcy attorney's office to discuss the bankruptcy case sometime before April 21, 1999, which is, of course, well in advance of the June 7, 1999 bar date. Accordingly, the court finds that Walker had actual notice of the bankruptcy case within ample time to file a complaint or to request an extension of the bar date. As such, the court concludes that the motion to dismiss the § 523(a)(2)(A) allegation of the complaint as to Hammons, Sr., is well taken.

■ The court is cognizant of the fact that in finding that Walker had notice of the bankruptcy case within ample time to meaningfully participate in the proceeding *may* preclude any relief sought by Walker under § 523(a)(3)(B). This section provides that an unscheduled debt of the kind specified in § 523(a)(2), (4), or (6) will not be discharged *unless* the creditor had notice or actual knowledge of the bankruptcy case in time to file a non-dischargeability complaint or to request an extension of the bar date. Section 523(a)(3) is set forth as follows:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request

The court has before it only a request to dismiss the complaint as to Hammons, Sr., as being time barred. Since a § 523(a)(3)(B) cause of action is not subject to the 60 day bar date, applicable to § 523(a)(2), (4), or (6) causes of action, the court will not extend the present motion to dismiss to Walker's § 523(a)(3)(B) cause of action. In addition, nothing in this opinion or in the order to be entered contemporaneously herewith shall have any effect on the allegations of the complaint relating to the defendants William S. Hammons, Jr., and/or George A. Hammons.

An order will be entered accordingly.

Walker as being a "withdrawal" or dismissal of the case in chief.