In re Henry C. SAM and Gloria H. Sam Debtors.

Sidney Louis GROSSIE Plaintiff,

v.

Henry Charles SAM and Gloria H. Sam Defendants.

Bankruptcy No. 87–BK–51035.
Adv. No. 88AV–50011.

United States Bankruptcy Court,
W.D. Louisiana,
Lafayette–Opelousas Division.

Oct. 26, 1988.

George McHugh, St. Martinville, La., for debtors.

Joseph Koury, Lafayette, La., Rose Polito Wooden and Lawrence Anderson, Baton Rouge, La., for plaintiff.

## MEMORANDUM OPINION AND ORDER

W. DONALD BOE, Jr., Bankruptcy Judge.

The matter before the Court is whether the adversary complaint in this proceeding is time-barred. Trial limited to this issue was held on September 23, 1988. Considerable evidence and testimony were taken, but there were few significant conflicts between the parties as to the salient facts, set forth below.

The complaint objects to discharge based upon an alleged arrest and beating by Defendant Henry Charles Sam, a police officer, of Plaintiff Sidney Louis Grossie. Mr. Grossie in U.S. District Court is suing Mr. Sam for alleged civil rights violations under 42 U.S.C. § 1983. The Bankruptcy Court recently lifted the automatic stay to allow that litigation to proceed.

### Findings of Fact

1. The alleged police misconduct of Defendant Sam occurred on or about September 30, 1986.

2. Defendant on June 2, 1987 filed a bankruptcy petition, under Chapter 11 in the hope of avoiding a foreclosure on his home. Plaintiff was not a scheduled creditor; Defendant's attorney was unaware of any claim by Mr. Grossie. The Office of the Clerk on October 16, 1987 mailed to scheduled creditors notice of a Section 341 meeting of creditors scheduled for November 12, 1987. The case was converted to one under Chapter 7 in October 1987, about the time the automatic stay was lifted to allow foreclosure on the Sam home.

3. Plaintiff Grossie filed an action under 42 U.S.C. § 1983 with the District Court on September 30, 1987 naming Officer Sam as one of the defendants.

4. Defendant's original attorney, Mr. McHugh, became aware of the District Court complaint in October 1987.

5. Mr. McHugh in November 1987 several times talked with Plaintiff's attorney, Mr. Koury, but made no mention of the existence of the bankruptcy. Based upon his testimony, it appears that Mr. McHugh simply forgot, and that there was no intent to conceal.

6. Plaintiff's attorney apparently did not become aware of the bankruptcy until December 23, 1987 when he received a notice of the automatic stay from Mr. McHugh. He "was surprised" at the notice and was on vacation between Christmas and the New Year. He contends, and the Court believes him, that he has limited bankruptcy experience.

7. Plaintiff was not listed as a creditor until an amended schedule (dated December 16, 1987) was filed on January 7, 1988. The amended schedule filed with the Court was accompanied by a December 16, 1987 certificate that service was made upon all creditors named or affected by the amendment, but Plaintiff and his attorney claim not to have received the amendment. January 11, 1988 was specified in the notice of the Section 341 meeting of creditors as the last date for filing objections to discharge.

8. Until February 3, 1988, Plaintiff's attorney apparently was not aware of the contents of the 341 meeting notice stating the January 11, 1988 bar date. On February 3, 1988, he received a pleading in the District Court case with the 341 notice attached.

9. Plaintiff's attorney on February 10, 1988 filed by mail a motion objecting to discharge which lacked an adversary proceeding cover sheet and a filing fee. The Clerk's office on February 12, 1988 sent it back to him with a deficiency notice.

10. Plaintiff's attorney redid his pleading and filed the adversary complaint with the proper fee on February 17, 1988, 14 days after learning of the bar date.

## Conclusions of Law

■ The Court agrees with Defendant's position that Plaintiff's attorney had actual notice of the bankruptcy in time to file by January 11, 1988, a timely complaint objecting to discharge, or at least to file a motion pursuant to Bankruptcy Rule 4007(c) to extend the time for filing a complaint. Such prompt action is required by the Bankruptcy Code and Rules and, as discussed below, does not deny Due Process. While the argument of Plaintiff's counsel that he was inexperienced in bankruptcy had strong facial appeal, the Court after serious consideration believes that an alarm should have gone off once he learned that Defendant was in bankruptcy, and that he had adequate time to learn the bar date for filing a complaint and to take appropriate action to protect a very substantial claim for damages.

Plaintiff's attorney contends that he had always been under the impression that debts not scheduled were not discharged. Had he read the clear language in Bankruptcy Code Section 523(a)(3) that unscheduled debts can be discharged where the creditor has "notice or actual knowledge of the case", any such misimpression would have been corrected. Beyond that, this argument is just that—argument. Based on the testimony of Plaintiff's attorney and his client, neither would have *known* that the disputed debt (prior to January 7, 1988) was unscheduled.

Plaintiff claims that Defendant's debt should not be discharged under Bankruptcy Code Section 523(a)(6) because the debt is for willful and malicious injury by the debtor to another entity or to the property of another entity. Once Plaintiff has categorized his claim as falling under 523(a)(6), under the facts of this case, he has two potential avenues for requesting a determination of dischargeability, Section 523(a)(3)(B) or Section 523(c) as implemented by Bankruptcy Rule 4007(c).

Under 523(a)(3)(B), a debtor is denied discharge if the debt was neither listed or scheduled, if of a kind specified in 523(a)(6), in time to permit timely filing of a proof of claim and timely request for a dischargeability determination unless such creditor has notice or actual knowledge of the case in time for such timely filing and request. Under Rule 4007(b), a complaint to determine dischargeability pursuant to

523(a)(3)(B) may be brought at any time and a case may be reopened for the purpose of filing such a complaint.

■ Plaintiff obtained notice and acquired actual knowledge of the bankruptcy case when his attorney received the automatic stay order on December 23, 1987. The claim of a creditor with actual knowledge of a bankruptcy case is discharged, notwithstanding failure of the debtor to schedule the creditor. The debtor has the burden of proving such actual knowledge including information as to where and when the bankruptcy petition was filed. *Maldonado v. Ramirez*, 37 B.R. 219, 221 10 C.B.C.2d 664, 666 (D.V.I.1984), *rev'd on other grounds*, 757 F.2d 48 (3d Cir.1985). Ordinarily, notice to the creditor's attorney is considered sufficient if the creditor's attorney received knowledge of the case while representing the creditor in enforcing his claim against the debtor. *Lompa v. Price (In re Price)*, 79 B.R. 888, 890, 17 C.B.C.2d 999, 1002, 16 B.C.D. 967, 968 (9th Cir.BAP 1987); *Maldonado, supra;* 3 Collier on Bankruptcy 523.13[5][c]. Thus, in the case now before this Court, Plaintiff cannot successfully object to discharge because he had actual knowledge of the bankruptcy case through his attorney's receipt of the Notice of the Automatic Stay nearly three weeks prior to the bar date for filing a complaint to determine dischargeability.

Plaintiff's other available means for requesting a dischargeability determination is Section 523(c) as implemented by Rule 4007(c). Under 523(c), the debtor shall be discharged from a debt of a kind specified in 523(a)(6) unless, on request of the creditor to whom the debt is owed, and after notice and a hearing, the court determines the debt to be discharged. Rule 4007(c) provides that a complaint to determine dischargeability of any debt pursuant to 523(c) shall be filed not later than sixty days following the first date set for the 341 meeting of creditors (in the instant case, January 11, 1988). Rule 4007(c) further provides that the court may for cause extend this sixty day period upon motion made before the time has expired.

Plaintiff contends that even though no complaint or motion to extend was filed within the sixty day period the complaint was not time barred because Rule 4007(c) *also* provides that the Court shall give all creditors not less than 30 days notice of the time fixed for filing a complaint. Plaintiff submits that because he did not receive the required notice of the 341 meeting or the deadline date, his complaint cannot be time barred.

The Fifth Circuit in *Neeley v. Murchison*, 815 F.2d 345, 16 C.B.C.2d 1383, 15 B.C.D. 1378 (5th Cir.1987), rejected the view that compliance with the 30 day notice requirement was invariably essential to the running of the sixty day period. In *Neeley*, the court found the creditor's complaint time barred because the creditor had notice of the bankruptcy proceedings and more than ample opportunity to file his complaint, even though the Clerk's Office failed to specify the bar date in the 341 meeting notice and then orally misinformed the creditor that no bar date had been set.

In reaching its decision, the *Neeley* court noted that Rule 9006(b)(3) explicitly excepts Rule 4007(c) from the "excusable neglect" standard for an enlargement of time and that Rule 4007 and its history evince a strong intent that the participants in bankruptcy proceedings be assured that within the set period of sixty days, they can know which debts are subject to an exception to discharge. Also of significance to the result in *Neeley* is that under Section 523(a)(3)(B), a debt is not automatically discharged if the debtor failed to schedule the creditor *and* the creditor had no notice or actual knowledge of the case in time to file a claim and request a determination of dischargeability.

Plaintiff argues that *Neeley* is distinguishable because in that case the creditor was scheduled, and received notice of a 341 meeting actually attended by the creditor's attorney. Plaintiff correctly points out that in *Neeley* and other cases relied on by defendants, the creditor received notice of the bankruptcy proceedings generally well in advance of 18 or 19 days prior to the bar date. Essentially this raises a due process

issue, *i.e.*, will due process be violated by dismissing Plaintiff's complaint as time barred when he had only received notice of the bankruptcy proceedings approximately eighteen or nineteen days prior to the deadline date, and through an attorney with limited bankruptcy experience.

In *City of New York v. New York, New Haven, and Hartford R.R. Co.*, 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953), the Supreme Court determined that under Section 77 (Railroad Reorganization) of the Bankruptcy Act, a creditor that did not receive notice of the time limitation for filing a claim would not forfeit its liens. *Id.* at 294–297, 73 S.Ct. at 300–301. Rejecting the argument that creditors have a duty to inquire for themselves about possible court orders limiting the time for filing claims, the Court held that even creditors with knowledge of there organization had the right to assume that the statutory reasonable notice would be given before their claims would be forever barred. *Id.* at 297, 73 S.Ct. at 301. The Court noted that the statutory command for notice embodies a basic principle of justice—that "a reasonable opportunity to be heard must precede judicial denial of a party's claimed rights." *Id.* at 297, 73 S.Ct. at 301. The factors most significantly distinguishing *City of New York* from the case at bar are the lengthy Railroad Reorganization process and that the time limitation for filing a claim was not set forth in any Bankruptcy Rules, but was left to the discretion of the bankruptcy court and apparently could vary widely depending on the case. Under these circumstances, substantial burdens would be imposed on creditors who might repeatedly attempt to inquire.

Two fundamental requirements of due process are the opportunity to be heard and notice reasonably calculated under all circumstances to apprise interested parties of the pendency of the action and to afford them opportunity to present their objections. *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). In the present case, Plaintiff's attorney received written Notice of the Automatic Stay while representing Plaintiff in a suit against the Debtor. The Bankruptcy

Code and Rules governing Plaintiff's situation are reasonably specific and express, and Plaintiff's attorney had close to three weeks in which to act. For these reasons and in light of the cases discussed below, the Court finds that due process requirements have been satisfied in this case.

The facts of *Delesk v. Rhodes (In re Rhodes)*, 61 B.R. 626, 14 B.C.D. 953 (9th Cir. BAP 1986), are quite similar to those of the case now before this court. In *Rhodes*, the creditor seeking to object to discharge did not receive notice of the 341 meeting or the bar date and did not receive actual notice of the bankruptcy until approximately 28 days before the deadline for filing complaints. In addition, the creditor's attorney lacked knowledge of the Bankruptcy Code and Rules. The Bankruptcy Appellate Panel held that there was no discretion to enlarge time to allow a complaint to be filed when the request was made after the deadline for filing a complaint. The BAP noted that the Advisory Committee Note commenting on Rule 4007(c) flatly states: "If a complaint is not timely filed, it is discharged." The BAP recognized that Rule 4007(c) which requires that motions for enlargement be made "before the time has expired" and Rule 9006(b)(3) which excludes Rule 4007(c) from the excusable neglect standard were inflexible and had the potential to force highly inequitable results. *See also, Marathon Restaurant Corp. v. Three Brothers Development & Construction Co. (In re Barr)*, 47 B.R. 334, 336 (Bankr.E.D.N.Y. 1985).

Relevant to the instant case is *Rhodes* recognition that the creditor's attorney there obviously lacked knowledge of the Bankruptcy Code and Rules. Although the record did not show whether she had reviewed the bankruptcy court file, the BAP found that if she had, she would have had ample time to meet the deadline for filing a complaint. *Rhodes* was cited approvingly by the 5th Circuit in *Neeley*, 815 F.2d 345 at 347.

In *Byrd v. Alton (In re Alton)*, 64 B.R. 221, 14 B.C.D. 1202 (Bankr.M.D.Fla.1986; Paskay, J.), *aff'd*, 837 F.2d 457, 18 C.B.C.2d

326 (11th Cir.1988), the court found that Due Process was not violated even though the creditor did not receive notice from the court of the bar date. The court found that the creditor had actual knowledge that the bankruptcy was filed and had ample time to take the appropriate steps to protect his interest. The court stated that all the creditor had to do when he received the First Suggestion of Pendency of the Chapter 11 case was to request at once a copy of the notice of the 341 meeting and attend it or to contact the Office of the Clerk to find out the date to file a complaint.

The bankruptcy court's decision in *Alton* was affirmed in a thoughtful opinion by the Eleventh Circuit. The court was troubled that the debtor by his own actions deprived the creditor of official notice at various stages of the proceeding by omitting the creditor from the creditor list, and then putting him on actual notice that a proceeding was pending by mailing notice of the proceeding and of the stay. The Eleventh Circuit nevertheless concluded that despite the misleading actions of the debtor whether inadvertent or intentional, the time specifications set forth in the Bankruptcy Code were sufficiently clear to have placed an obligation on the creditor to follow the case and to take the timely action necessary to pursue his claim. 837 F.2d at 458–459. The court concluded that there was no due process violation finding that the creditor received actual written notice of the bankruptcy proceeding—notice adequate to apprise him of the pendency of the action and to afford him the opportunity to present his objection, at a time when he could have protected himself. *Id.* at 460–461, citing *Mullane,* 339 U.S. at 314, 70 S.Ct. at 657.

In *In re Price,* 79 B.R. 888 17 C.B.C.2d 999, 16 B.C.D. 967 (9th Cir. BAP 1987), the Bankruptcy Appellate Panel responded similarly to an unscheduled creditor's due process argument. The creditor had received a Notice of Injunction related to the bankruptcy approximately 2 months prior to the bar date. The BAP held that where a creditor receives any notice that its debtor has initiated bankruptcy proceedings, it is under constructive or inquiry notice that its claim may be affected, and ignores the

proceedings to which the notice refers at its peril. *Id.,* citing *Matter of Gregory,* 705 F.2d 1118, 1123, 8 C.B.C.2d 605, 10 B.C.D. 1073 (9th Cir.1983). *Price* further quoted *Gregory* as stating: "Whatever is notice enough to excite attention and put the party on his guard and call for inquiry, is notice of everything to which such inquiry may have led." *Gregory,* 705 F.2d at 1123, 8 C.B.C.2d at 611, 10 B.C.D. at 1076. The BAP concluded the unscheduled creditor with actual notice was responsible for protecting his claim and could have done so by inquiring as to the bar date and taking appropriate action to have his name placed on the schedules. The BAP thus denied the creditors motion for leave to file a dischargeability complaint filed after the 60 day period.

### Conclusion

The Fifth Circuit in *Neeley, supra,* rejected the position that the notice requirements of Rule 4007(c) must be met when there is actual notice of the bankruptcy case. Moreover, where the attorney representing the creditor in enforcing a claim against the debtor receives knowledge of the bankruptcy case, the creditor will be deemed to have actual knowledge. Upon receipt of actual notice, creditors have a duty to inquire and investigate based on Section 523 and its history as well as Rule 4007(c) under which, pursuant to Rule 9006(b)(3), the excusable neglect standard does not apply.

In the instant case, the creditor's attorney received notice of the bankruptcy case approximately 18 or 19 days prior to the bar date. Prompt review of the Bankruptcy Code and Rules and inquiry to the Clerk's Office would have enabled him to protect the creditor's interest by filing a complaint or seeking an extension. Apparently no such efforts were made until February 3, 1988 at the earliest. A complaint was filed 14 days later. Although the notice here is shorter than that in the cases discussed, the duty placed on the creditor is one of prompt inquiry and investigation. If it had been practiced in this case, the necessary filing would have been made in

advance of the bar date. Dismissal of Plaintiff's complaint is consistent with the heavy burden placed on creditors to protect their rights and the interpretation adopted by the 5th Circuit in *Neeley, supra.* Responsibility to inquire into the deadline for filing a complaint is not so burdensome as to outweigh the "fresh start" policy and the need for expeditious judicial administration of bankruptcy cases. *See In re Price, supra.*

## ORDER

IT IS THEREFORE ORDERED that the Plaintiff's Complaint Objecting to Dischargeability be dismissed as time barred, at Plaintiff's cost.